## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

| | | |
|---|---|---|
| MYRNA ALTHIA ALICIA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-355 |
| | ) | |
| v. | ) | Filed: October 6, 2025 |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Myrna Althia Alicia Walker, proceeding pro se, filed this action against the United States requesting reimbursement for alleged reductions made by the New York State Department of Taxation and Finance ("NY Tax Department") and the United States Department of the Treasury ("U.S. Treasury") to her overpayment refunds for several tax years, as well as other relief. Before the Court is the Government's Motion to Dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the following reasons, the Court **GRANTS** the Government's Motion. Accordingly, Ms. Walker's Complaint must be **DISMISSED**.

### I.    BACKGROUND

On February 25, 2025, Ms. Walker filed her Complaint in this Court. *See* Pl.'s Compl., ECF No. 1. She filed an Amended Complaint on April 28, 2025. Pl.'s Am. Compl., ECF No. 13. As best the Court can discern, her Complaint asserts that the New York State Department of Labor ("NY Labor Department") hired her as a clerk in its Unemployment Insurance Benefits claims unit in Albany, New York, on July 23, 2020. ECF No. 13 ¶ 4.1; *see* Pl.'s Mot. for Default J. at 5–6,

ECF No. 16.[1]  Ms. Walker further asserts that the NY Labor Department fired her a few weeks later, informing her by letter dated August 11, 2020, that she was terminated because she had insufficient proof of authorization to work in the United States.  ECF No. 13 ¶ 4.2.  Ms. Walker disputes that she lacks proper work authorization.  *See id.*

Ms. Walker alleges that she then claimed and was paid unemployment insurance benefits beginning in August 2020.  *Id.* ¶¶ 4.3, 4.4; *see also* ECF No. 16 at 7.  Later that year, however, she was found ineligible for such benefits.  ECF No. 13 ¶ 4.4.[2]  In a letter dated January 19, 2021, and with an effective date of December 28, 2020, the NY Labor Department informed Ms. Walker that she was not eligible for unemployment insurance benefits because she had not submitted sufficient proof of employment authorization.  *Id.* ¶ 4.4; *see* ECF No. 16 at 60–63.  Specifically, the letter explained that while Ms. Walker had requested unemployment insurance compensation on the grounds that she was willing and able to work, her lack of work authorization made her in fact unable to work.  ECF No. 16 at 58, 61.  The letter indicated that, as a result, Ms. Walker was required to repay the State of New York the benefits she had received from May through November 2020,[3] which totaled $8,257.50.  *Id.* at 60–61.

---

[1] For purposes of the factual background, the Court considers and cites Plaintiff's Motion for Default Judgment, ECF No. 16, as it provides additional context helpful to understanding the allegations in the Amended Complaint.  Some documents considered and cited by the Court are incorporated by reference in Ms. Walker's Amended Complaint and are integral to it.  *See Charleston Area Med. Ctr., Inc. v. United States*, 138 Fed. Cl. 626, 629 (2018), *aff'd*, 940 F.3d 1362 (Fed. Cir. 2019).

[2] Ms. Walker alleges that the NY Labor Department, which itself processes unemployment insurance claims, used its employment records relating to Ms. Walker to deny her application for benefits.  ECF No. 13 ¶¶ 4.3, 4.4; *see* ECF No. 16 at 6.

[3] Plaintiff alleges she began receiving unemployment benefits in August 2020, ECF No. 13 ¶¶ 4.2, 4.3 but the letter lists the period of ineligibility as beginning May 28, 2020, ECF No. 16 at 60.  The letter also indicates Plaintiff's statements regarding eligibility were made beginning in June 2020.  The Court need not resolve this factual inconsistency to resolve the Motion.

Nearly two years later, in a letter dated November 25, 2022, the NY Labor Department informed Ms. Walker that she still owed the State of New York $6,457.50 for the unemployment insurance benefits she had wrongly received. ECF No. 14 ¶ 4.7; ECF No. 16 at 71. The letter warned Ms. Walker that, in order to repay the debt, it may refer her to the NY Tax Department and to the Internal Revenue Service ("IRS") of the U.S. Treasury to withhold refunds or other payments for up to 20 years or until her debt is paid. *See, e.g.*, ECF No. 13 ¶¶ 4.7, 4.8; ECF No. 16 at 71. According to Ms. Walker's filings, she received reminders from the NY Labor Department to pay her debt dated March 30, 2023, and April 6, 2023. *See* ECF No. 16 at 74, 76. Ms. Walker alleges that in the April 6 letter, the NY Labor Department again warned her that the agency's "claims to repay the Unemployment Insurance Benefits will be referred to the [NY Tax Department] and the [U.S. Treasury]," ECF No. 13 ¶ 4.6.A, and that those agencies might withhold her tax overpayment refunds for 20 years or until the debt was repaid, *id.* ¶ 4.6.B; *see also* ECF No. 16 at 76 (letter stating that the NY Labor Department may "[r]efer this debt to the [NY Tax Department] and the [U.S. Treasury]" and that "[t]hey will send us any tax refund(s) you are due").

Consistent with these repeated warnings, Ms. Walker appears to assert that the NY Tax Department and the U.S. Treasury made reductions to her refunds for tax years 2018 through 2022. ECF No. 13 ¶¶ 4.7–4.8, 5.2. According to Ms. Walker, one or both of the agencies withheld "One Hundred percent (100%) of [her] Tax Refund" for those tax years to offset unpaid liability to the NY Labor Department. *Id.* ¶ 1.1; *see id.* ¶ 1.2. Ms. Walker requests reimbursements for reductions to her overpayment refunds. *See id.* ¶ 5.2. She also requests reimbursement of lost income totaling $12,679.20 due to her "wrongful dismissal" from employment at the NY Labor Department, *see id.* ¶ 5.3; $245.38 per day since December 28, 2019, as damages for defamation, *see id.* ¶ 5.4; a

letter of apology from the NY Labor Department "for its false statements" against her, *see id.* ¶ 5.1; and retraction of its "written threats," *see id.*

The Government moved to dismiss Ms. Walker's Amended Complaint for lack of subject-matter jurisdiction on May 28, 2025.  *See* Def.'s Mot. to Dismiss, ECF No. 15.  The Government's Motion is now fully briefed and ready for decision.  *See* ECF No. 16; [4] Def.'s Reply, ECF No. 20.

## II.  LEGAL STANDARDS

### A.    Rule 12(b) Motions

Subject-matter jurisdiction is a threshold matter that a court must determine at the outset of a case.  *See, e.g.*, *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884).  The Court must dismiss an action if it lacks subject-matter jurisdiction, RCFC 12(h)(3), and such jurisdiction "may be challenged at any time by the parties or by the court," *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).  While the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction.  *See Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004)).

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the Court must accept facts alleged in the complaint as true and draw all reasonable inferences in

---

[4] On June 26, 2025, Ms. Walker filed a Motion for Entry of Default and Answer, *see* ECF No. 16, which the Court construed in part as her Response to the Government's Motion to Dismiss, *see* Order Den. Entry of Default, ECF No. 18.

favor of the plaintiff. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Although the Court "primarily consider[s] the allegations in the complaint, [it] may also look to 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (quoting 5B *Wright & Miller's Federal Practice and Procedure* § 1357 (3d ed. 2004)); *see also, e.g.*, *Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (collecting cases). Where a document is "specifically referenced in the complaint" or is "integral to it," and where the parties do not "dispute the authenticity" of the document, the Court may consider it in deciding a motion to dismiss. *Bell/Heery v. United States*, 106 Fed. Cl. 300, 307–08 (2012), *aff'd*, 739 F.3d 1324 (Fed. Cir. 2014). In addition, the Court may consider "evidentiary matters outside the pleadings" when jurisdictional facts are disputed. *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985). When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the defendant does not dispute are accepted as true. *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).

### B.    The Court's Jurisdiction

"It is well understood that the Court of Federal Claims, like all federal courts, is a court of limited jurisdiction." *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). Under the Tucker Act, the subject-matter jurisdiction of this Court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S.

392, 398 (1976).  In order to demonstrate jurisdiction in this Court under the Tucker Act, a plaintiff

must allege a violation of a separate, money-mandating source of substantive law.  *See United*

*States v. Mitchell*, 463 U.S. 206, 216–18 (1983); *Rick's Mushroom Serv., Inc. v. United States*, 521

F.3d 1338, 1343 (Fed. Cir. 2008).  To be considered money-mandating, the source of substantive

law must "fairly be interpreted as mandating compensation for damages sustained as a result of

the breach of the duties [it] impose[s]."  *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir.

2005) (quoting *Mitchell*, 463 U.S. at 217).

### III.  DISCUSSION

Ms. Walker brings claims against the U.S. Treasury for its offset of her overpayments,

against the NY Tax Department for its similar offset, and against the NY Labor Department for

wrongfully terminating her and making false representations about her.  Even accepting all facts

alleged in the Amended Complaint as true, drawing all reasonable inferences in Ms. Walker's

favor, and accounting for her pro se status, none of these claims survives a motion to dismiss.

### A.    The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claim Against the U.S. Treasury.

The Court lacks jurisdiction over Ms. Walker's claim against the U.S. Treasury for two

reasons.  First, the Internal Revenue Code forbids this Court from hearing a suit involving an offset

against an overpayment for the collection of unemployment compensation debt and prevents it

from construing such a suit as a tax refund claim.  Second, even if the suit could be construed as a

tax refund claim, the Court would still lack jurisdiction because Ms. Walker does not allege that

she filed an administrative refund claim with the IRS—a prerequisite for filing a tax refund suit.

### 1.    Under 26 U.S.C. § 6402(g), the Court Lacks Jurisdiction over Plaintiff's Claim Regarding the U.S. Treasury's Alleged Offset.

In her most plausible attempt to invoke the Court's jurisdiction, Ms. Walker's Amended

Complaint requests reimbursement for withheld tax refunds.  ECF No. 13 ¶¶ 4.6, 4.7, 4.8, 5.2.

This Court, concurrent with federal district courts, has the authority to hear "civil action[s] against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ."  28 U.S.C. § 1346(a)(1).  This includes tax refund claims that are not otherwise precluded by law.  *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).  Here, however, a provision of the Internal Revenue Code precludes Ms. Walker's claim.

Pursuant to 26 U.S.C. § 6402(g), "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f)" of that provision.  These subsections pertain to the IRS's reduction of an overpayment based on various debts, including unpaid child support, *id.* § 6402(c); debts owed to federal agencies, *id.* §6402(d); unpaid state income taxes, *id.* § 6402(e); and, as relevant here, unemployment compensation debt owed to a state agency, *id.* § 6402(f).  The provision further prevents this Court from construing an "action brought against the United States to recover the amount of any such reduction" as "a suit for refund of tax."  *Id.* § 6402(g).  In accordance with the statute's text, judges of this court have held that it lacks jurisdiction over claims to recover reductions taken by the U.S. Treasury to offset debt for unemployment insurance benefits.  *See, e.g.*, *Bible v. United States*, 141 Fed. Cl. 718, 722 (2019) (calling § 6402(g) a "jurisdictional bar"), *aff'd*, 783 F. App'x 1039 (Fed. Cir. 2019); *Hicks v. United States*, 130 Fed. Cl. 222, 230 (2017) (holding that § 6402 "bars this court from hearing" suits to recover refund offsets applied to state unemployment compensation debts).  Judges of this court have likewise rejected claims regarding similar debt offsets on the same grounds.  *Cf., e.g.*, *Wagstaff v. United States*, 118 Fed. Cl. 172, 179 n.2 ("To the extent that Plaintiff challenges the Government's authority to 'offset[] Plaintiff's income tax return' [to pay off her student loan debt,] the court does not have jurisdiction to adjudicate that claim . . . ." (quoting § 6402(g)), *aff'd*, 595 F. App'x 975 (Fed. Cir. 2014).

Ms. Walker's claim falls into the same bucket as these cases. As best the Court can tell, she seeks review of the U.S. Treasury's reduction of her overpayment refunds, which were offset to pay her unemployment compensation debt. *See* ECF No. 13 ¶¶ 1.2, 4.3, 4.4, 5.2. But as *Bible* held, Congress "explicitly barred judicial review" of such an offset. 141 Fed. Cl. at 722. Just as in *Bible*, Ms. Walker's Amended Complaint does not allege that her liability to the NY Labor Department "fell outside of [subsection (f)] or that [the U.S. Treasury] failed to comply with other requirements of § 6402." 783 F. App'x at 1040. And, as noted above, the statute prevents this Court from construing her claim as a suit for tax refund. Therefore, § 6402(g) deprives this Court of jurisdiction over Ms. Walker's claim against the U.S. Treasury.

2.    Even if Plaintiff Could Bring a Tax Refund Claim, the Court Would Still Lack Jurisdiction Because Plaintiff Did Not File a Refund Claim with the IRS.

This Court has jurisdiction over claims to recover tax refunds from the United States, *see* 28 U.S.C. § 1346(a)(1), but to invoke that jurisdiction a taxpayer must first do two things. First, before suing the United States in this Court for a tax refund, a taxpayer must pay the disputed tax in full. *Shore v. United States*, 9 F.3d 1524, 1525–26 (Fed. Cir. 1993) (citing *Flora v. United States*, 362 U.S. 145 (1960)); *see* 26 U.S.C. § 1346(a)(1). In addition, under 26 U.S.C. § 7422(a), the taxpayer must have "duly filed" a "claim for refund or credit" with the IRS. In accordance with the statutory text, the Supreme Court has held that § 7422(a) waives sovereign immunity for refund actions against the United States only when a taxpayer seeking such a refund has filed a timely claim with the IRS prior to filing suit. *United States v. Dalm*, 494 U.S. 596, 608–10 (1990); *see United States v. Michel*, 282 U.S. 656, 658 (1931) ("The permission to sue [under § 7422] is conditioned on the filing of a claim and the lapse of six months or the disallowance of the claim within that period . . . ."). The United States Court of Appeals for the Federal Circuit has likewise found that § 7422(a) imposes an administrative claim requirement "as a jurisdictional prerequisite

to a refund suit." *Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994) (citing *Burlington N., Inc. v. United States*, 684 F.2d 866, 868 (Ct. Cl. 1982)).

Ms. Walker asserts that she is entitled to a tax refund from the IRS for tax years 2018 through 2022. *See* ECF No. 13 ¶¶ 4.7, 4.8, 5.2. But Ms. Walker's Complaint does not allege that she first filed an administrative claim for refund with the IRS, 26 U.S.C. § 7422(a), and either received a decision on the claim or waited six months with no decision, *id.* § 6532(a)(1), before filing suit. Nor did she file a copy of any administrative refund claim with her Complaint or Amended Complaint. *See* RCFC 9(m)(2)(A). Therefore, she fails to allege facts satisfying the jurisdictional prerequisites of a refund suit. Thus, assuming it was not precluded, the Court would lack jurisdiction over her refund claim.

### B.    The Court Lacks Jurisdiction over Plaintiff's Claims Against New York State Agencies.

Ms. Walker asserts claims against two New York state agencies: the NY Tax Department and the NY Labor Department. Because both entities are state agencies, the Court lacks jurisdiction over these claims.

Ms. Walker asserts that, like the U.S. Treasury, the NY Tax Department improperly reduced the overpayment refunds to which she was entitled for tax years 2018 through 2022. ECF No. 13 ¶¶ 1.2, 4.6, 4.7. She further alleges that the NY Labor Department (1) wrongfully terminated her because the agency incorrectly determined that she could not prove she was authorized to work in the United States, *id.* ¶ 4.2; and (2) made false representations to her prospective employers about her work authorization, *id.* ¶ 4.5. However, both the NY Tax Department and NY Labor Department are agencies of the State of New York.

It is well settled that this Court's jurisdiction is limited to claims "against the United States" and does not extend to claims against states or state entities. 28 U.S.C. § 1491(a)(1); *see Anderson*

*v. United States*, 117 Fed. Cl. 330, 331 (2014).  Indeed, "the *only* proper defendant [in this Court] is the United States, not its officers, nor any other individual."  *Stephenson v. United States*, 58 Fed. Cl. 186, 191 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).  Because the NY Tax Department is a state agency, Ms. Walker's claim against it "must be ignored as beyond the jurisdiction of the court."  *Sherwood*, 312 U.S. at 588; *see Anderson*, 117 Fed. Cl. at 331.  Indeed, Ms. Walker is seemingly aware that claims against the State must be pressed in New York's separate state court system, as she has already filed suits there—apparently based on the same facts as in this case.  Her suits were unsuccessful.  *See Walker v. N.Y. State Dep't of Labor*, No. 12328-23 (N.Y. Sup. Ct. Jan. 11, 2024) (denying motion for poor person relief and explaining that the state court of claims has exclusive jurisdiction over actions for money damages against state agencies); *Walker v. State of New York*, No. 141709 (N.Y. Ct. Cl. Dec. 17, 2024) (dismissing action for alleged refusals by the State to provide tax refunds, wrongful discharge by a State employer, and defamation).  Because the Court lacks jurisdiction over Ms. Walker's state claims, they must be dismissed.[5]

---

[5] Alternatively, the Court lacks jurisdiction over Ms. Walker's claims of wrongful discharge (which does not arise under a money-mandating statute) and defamation because such causes of action are torts.  The Tucker Act limits this Court's jurisdiction to cases "not sounding in tort."  28 U.S.C. § 1491(a)(1).  Accordingly, this Court has no power to hear common-law tort claims against any entity, let alone a state.  *See Rick's Mushroom Serv.*, 521 F.3d at 1343 (citing 28 U.S.C. § 1491(a)(1)) (holding that this Court cannot hear negligence or other tort claims); *Golden v. United States*, 118 Fed. Cl. 764, 772 (2014) (holding that "defamation [cases] are expressly excluded by the [Tucker Act]").  Similarly, Ms. Walker's requests for a letter of apology and a retraction of written warnings seek equitable relief that the Court lacks authority to award. ECF No. 13 ¶ 5.1.  *See Smith v. United States*, 141 Fed. Cl. 241, 243 (2019) (holding that the Court of Federal Claims "does not have general equitable jurisdiction"); *see also* 28 U.S.C. § 1491(a)(2) (providing authority to award certain types of equitable relief "incident of and collateral to" a money judgment); *id.* § 1491(b)(2) (providing authority to award equitable relief in bid protests).

## IV.  CONCLUSION

For these reasons, the Government's Motion to Dismiss (ECF No. 15) is **GRANTED**.  Ms. Walker's Amended Complaint must be **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1).  The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.


Dated: October 6, 2025                        */s/ Kathryn C. Davis*
                                              KATHRYN C. DAVIS
                                              Judge